SHANKS v. MILLS.

1. An action for partition of land among the remaindermen in fee, after the death of the life tenant, and for an account and distribution of the estate of such life tenant, improperly joins two causes of action; and the Circuit Judge did not err in requiring the plaintiff to elect between the two.

2. Under a devise to executors in trust for A. for life, "and at her death
to the use of all her five children and those she may hereafter have,
and who may be then living, in fee simple," the children of A. living
at her death, take, to the exclusion of a grandchild, whose parent
was one of A.'s children, living at the date of the will and of tes-
tator's death, but who predeceased A.

Before PRESSLEY and COTHRAN, JJ., Newberry, November,
1884, and February, 1885.

The order of Judge Pressley involved in this appeal is stated
in the opinion of this court.  Judge Cothran's decree was as
follows:

The complaint of the plaintiff, the grandniece of the testator,
John Paysinger, demands partition of the tract of land devised to
her mother for life, the plaintiff claiming as a tenant in common
with her uncle and aunts the share of the land to which her
father, Martin, would clearly have been entitled if he had survived
his mother, Mary Christina Mills.  The clause of the will of
John Paysinger to be construed is as follows: * * * Two of the
five children of Christina, who were living at the time of the
making of John Paysinger's will, and at the time of her death,
have since died, one of whom, Martin, was the plaintiff's father.

If we were at liberty to interpolate the familiar expression,
"the child or children of any child dying in the life-time of the
mother (the life tenant) to take the share the parent would have
been entitled to," &c., the claim of the plaintiff here could be
sustained; but in the very teeth of the testator's expression—
"and who may then be living," "the legal title (then) to vest in
said surviving children," it would be pragmatical and unwarrant-
able to do so.  Nor do I know of any technical and arbitrary
rule of construction which would require the court to do such
violence to the plain import of the words used by the testator.
Authorities almost innumerable might be cited, but I am not
familiar with a single one that would sustain the plaintiff's claim.
*Bannister* v. *Bull* (16 *S. C.*, 227), is one of the latest in which
the term children used in a devise as here has been construed.
It seems to me to be conclusive of this case.

·The estate given to Mrs. Christina Mills was not conditional,

it was an estate for life, the title to remain until her death in the executors, *per formam doni—proprio vigore*, "without any act on the part of my executors," "the title was to vest in said surviving children." I do not see how the action can be maintained. It follows, therefore, that the complaint must be dismissed. And it is so ordered and adjudged, with leave to the defendants to enter up judgment and issue execution against the plaintiff for the costs.

*Mr. M. A. Carlisle*, for appellant.

*Mr. Y. J. Pope*, contra.

October 11, 1886.  The opinion of the court was delivered by MR. JUSTICE McGOWAN.  John Paysinger died in 1844, leaving a will, by which he provided as follows: "I wish my executors to hold the legal title (which is hereby vested in them) to the tract of land on which my sister, Christina Mills, lives, purchased from Moses Riley, to the sole and separate use of my said sister during her life, and at her death to the use of all her five children, and those she may hereafter have, and who may be then living, in fee simple, the legal title to vest in said surviving children, without any act on the part of my executors," &c.  At the time the will was written, and also at the death of the testator, Christina Mills had five children, but in 1848 one of them, Martin Paysinger, died, leaving a widow and one child, Mary J. Shanks. The life tenant, Christina Mills, died in 1881, leaving only three surviving children, Archy B. Mills, Mary Nichols, and Juliana Taylor, but one grandchild, Mary J. Shanks, daughter of Martin, the predeceased son, who instituted this action for the double purpose of requiring the executors of the will of Christina Mills to account for her estate, and also to partition the tract of land given as aforesaid by the will of John Paysinger to the said Christina for life with limitation over; claiming that, although her father, Martin, died during the life of the said Christina, she is entitled as tenant in common with her surviving uncle and aunts to the share her father, Martin, would have been entitled to, had he survived Christina, the life tenant.

The "surviving children" claimed that the account of the estate of Christina was in no way connected with the right of partition as to the land, which was purely a question under the will of John Paysinger, and therefore demurred upon the ground that the two causes of action were improperly united. Judge Pressley held with the defendants, and sustained the demurrer, but gave the plaintiff permission to elect which cause of action she would proceed upon. She elected to proceed for partition of the land, and the complaint was dismissed as to the claim for account. The plaintiff excepted, and the case proceeded for partition. Afterwards the cause for partition came on for a hearing before Judge Cothran, who dismissed the complaint.

The plaintiff appeals to this court, both from Judge Pressley's order sustaining the demurrer and requiring the plaintiff to elect upon which cause of action she would proceed; and also from Judge Cothran's decree dismissing the complaint: "I. Because Judge Pressley erred in sustaining defendants' demurrer, and compelling the plaintiff thereby to elect the branch of the case yet to be determined. II. Because Judge Cothran erred in dismissing the plaintiff's complaint. III. Because the judge erred in construing the will of John Paysinger to mean only those children of Christina Mills who should be living at her death. IV. Because the judge erred in construing that the will gave to Christina Mills not a conditional estate, but an estate for life, the title to remain until her death in the executors, and that the title was to vest in the surviving children, to the exclusion of the grandchildren of Christina Mills, who survived her grandparent. V. Because the judge erred in not holding that, under the will, the plaintiff, through her father, Martin, with the defendants, took a vested remainder in the land described in the will," &c.

First, as to the demurrer. The argument of the appellant's counsel proceeds on the assumption that the land belonged to Christina in fee, and after her death descended to her heirs as such. If this were true, the argument would be unanswerable, but the fact is otherwise. Christina had only a life estate in the land, and that of course ended at her death. It was not a case for the application of the rule in *Shelley's* case. None of the parties held as the heirs of Christina, but, on the contrary, as

devisees under the will of John Paysinger; and the construction of his will had no such connection with the existence or non-existence of personal estate of Christina as to authorize a union of the two causes of action. We see no error on the part of Judge Pressley in sustaining the demurrer for misjoinder of causes of action.

Second. The plaintiff's claim for partition of the land must be determined by the construction of the will of John Paysinger. What did the testator mean by the words: "And at her death (Christina) to the use of all her five children, and those she may hereafter have and who may be *then living*, in fee," &c. ? Although the children of Christina living at the time the will was executed were numbered (5), they were not named or described, and those were added who might be afterwards born; so that we take it this was a limitation over to a particular class of persons at a particular time. In this view the rule is, that while any of the class remain, they take the whole interest, excluding the representatives of any of the class who may have died before the time indicated for distribution. *Clark* v. *Clark*, 19 *S. C.*, 350. Besides, ordinarily, the word "children" means the immediate offspring, and does not include "grandchildren." *Bannister* v. *Bull*, 16 *S. C.*, 220, and authorities there cited. But in addition to these general rules of construction, the devise over in this case, by its express terms, was to take effect at the time of the death of Christina, and was limited to her children "who may be then living, the legal title to vest in said surviving children without any act on the part of the executors," &c.

The judgment of this court is, that the judgments of the Circuit Court be affirmed.